Case 3:22-cv-00386   Document 22   Filed on 05/02/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 02, 2023
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## Galveston Division

No. 3:22-cv-386

Patrice Vieira, *et al.*, *Plaintiffs*,

v.

Joyce Hudman, Brazoria County Clerk, *et al.*, *Defendants*.

## MEMORANDUM OPINION AND ORDER

Jeffrey Vincent Brown, *United States District Judge*:

Before the court is the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 11. The court grants the motion.

### I.  Background

*Pro se* plaintiffs Patrice Vieira, Kevin C. Henry, and Brittney Darbonne filed a complaint against (1) Joyce Hudman, Brazoria County Clerk; (2) L.M. "Matt" Sebesta, Jr., Brazoria County Judge; (3) Donald "Dude" Payne, Brazoria County Commissioner, Precinct One; (4) Ryan Cade, Brazoria County Commissioner, Precinct Two; (5) Stacy Adams, Brazoria County Commissioner, Precinct Three; and (6) David Linder, Brazoria County Commissioner, Precinct Four. Dkt. 5. The plaintiffs allege that the

defendants violated the First, Ninth, and Fourteenth Amendments by "sign[ing] off on and certif[ying] a fraudulent election" in 2020 because Brazoria County's electronic voting systems used were improperly certified. Dkt. 5 at 3–4. The plaintiffs seek "a new election with paper ballots to be hand counted" and request that "[a]ll actions taken by the improperly elected officials [be] reviewed, resolved or nullified by the properly elected officials after the legal election occurs." *Id.* at 6.

Before filing this case, Vieira sued the same defendants in state court over the same factual allegations. *Id.* at 4. The state court sustained a plea to the jurisdiction and Vieira appealed. Dkt. 11 at 1–3. The appeal is currently pending. *Id.* Vieira, Henry, and Darbonne then filed this action. Dkts. 1 at 2; 5 at 4; 11 at 2–3. At first, the plaintiffs filed only a motion for temporary restraining order with no accompanying complaint. Dkt. 1. The court ordered the plaintiffs to file a complaint and a copy of the state-court record. Dkt. 4. The plaintiffs complied. Dkts. 5; 6. The defendants have moved to dismiss under Rules 12(b)(1) and 12(b)(6).[1] Dkt. 11. The plaintiffs then moved to amend their complaint, adding allegations of "irregular activities" in the

---

[1] Because the jurisdictional grounds are dispositive, the court does not consider the arguments under Rule 12(b)(6).

2022 election and Bo Stallman, Brazoria County Sheriff, as a defendant. Dkts. 19; 19-1 at 8–10.

## II. Legal Standard

"[C]ourts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed." *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). Still, *pro se* plaintiffs must "plead factual allegations that raise the right to relief above the speculative level." *Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 796 (5th Cir. 2017) (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)).

Federal courts have jurisdiction over a claim between parties only if the plaintiff presents an actual case or controversy. U.S. CONST. art. III, § 2, cl. 1; *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001). "The many doctrines that have fleshed out that 'actual controversy' requirement—standing, mootness, ripeness, political question, and the like—are 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 541–42 (5th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). Rule 12(b)(1) requires dismissal if the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party asserting jurisdiction bears

the burden of proof. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

To test whether the party asserting jurisdiction has met its burden, a court may rely upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). When standing is challenged in a motion to dismiss, the court "must accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining party." *Ass'n of Am. Physicians & Surgeons v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (quotations omitted).

### III. Analysis

**A. Motion to Dismiss**

To demonstrate standing, and thus confer jurisdiction on this court, the plaintiffs must establish: (1) an injury in fact that is actual or imminent rather than conjectural or hypothetical, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Even under the liberal construction the court must give the

plaintiffs as *pro se* litigants, the complaint fails to raise anything more than generalized, conjectural injuries.

The only injury that the plaintiffs allege is that the Constitution has been violated. Dkts. 5 at 3–4; 13 at 2.[2] The plaintiffs have not alleged more than a generalized interest of all citizens in constitutional governance. *See Lujan*, 504 U.S. at 575. While fighting for constitutional governance is indeed a valiant fight, the federal courts cannot adjudicate "generalized grievances about the conduct of government." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 483 (1982) (quoting *Flast v. Cohen*, 392 U.S. 83, 106 (1968)). Without identification of any personal injury that resulted from the alleged constitutional error, the plaintiffs have not alleged an injury in fact. *Lance v. Coffman*, 439 U.S. 437 442 (2007); *Valley Forge Christian Coll.*, 454 U.S. at 484–86 (1982). The plaintiffs seek relief "that no more directly and tangibly benefits [them] than it does the public at large." *Lujan*, 504 U.S. at 573. This is insufficient to confer standing. *Id.*

---

[2] To construe their complaint as liberally as possible, the court looks to the plaintiffs' response in hopes that it will clarify the complaint's meaning. It does so by affirming that the injuries claimed are broad constitutional violations.

Reading the *pro se* plaintiffs' complaint liberally, the plaintiffs perhaps allege that the defendants' actions harmed the integrity of the election process. But such a claim is also a generalized grievance. *Hotze v. Hudspeth*, 16 F.4th 1121, 1124 (5th Cir. 2021) (citing *Lance*, 549 U.S. at 441–42).

The plaintiffs point to *Baker v. Carr*, 369 U.S. 186 (1962), and *Department of Commerce v. U.S. House of Representatives*, 525 U.S. 316 (1999), to argue that they have standing in this case. Dkt. 13 at 3–4. In both cases, though, the plaintiffs plainly claimed that their votes counted for less than their peers' votes (vote dilution), which the court held was injury in fact. *Baker*, 392 U.S. at 207–08; *Department of Commerce*, 525 U.S. at 317. But in the complaint here, the plaintiffs have not claimed vote dilution—they claim simply that their constitutional rights have been violated. Dkt. 5 at 3–4.

In their response, the plaintiffs do allege in passing a "threat of vote dilution." Dkt. 13 at 4. But even construing the complaint *very* liberally to include an allegation of vote dilution, the plaintiffs' claims still fail. In both cases cited in the response, the plaintiffs challenged apportionment statutes, which the plaintiffs do not challenge here. *Department of Commerce*, 525 U.S. at 331–32 (citing *Baker*, 369 U.S. at 208, to conclude that voters have standing when challenging apportionment statutes).

Moreover, the vote-dilution injuries in *Department of Commerce* and *Baker* were very closely linked to the challenged conduct, unlike here. In *Department of Commerce*, standing existed, at least in part, because the challenged conduct (statistical sampling) was virtually certain to cause a vote-dilution injury. *See id.* at 317, 331–32 (holding plaintiffs challenging an apportionment statute had standing because there was "virtual certainty" the challenged action would cause the vote-dilution harm and "the threat of vote dilution through the use of sampling is concrete rather than conjectural"). In *Baker*, the challenged statute disproportionately favored voters in other counties, again making the connection between the challenged conduct and the vote-dilution harm explicit and concrete. *Baker*, 369 U.S. at 207–08.

In contrast, the alleged vote dilution here is not the concrete, actual injury it may be in apportionment-statute cases. Instead, it is merely conjectural or hypothetical. Even if the plaintiffs are correct in their allegation that the voting machines were not properly certified, it does not necessarily follow that vote dilution occurred. Unlike in *Department of Commerce* and *Baker*, the plaintiffs here do not challenge a sampling or apportionment statute that would naturally cause a vote-dilution injury.

The court grants the defendants' motion to dismiss because, with no injury in fact, there is no subject-matter jurisdiction. Dkt. 11.

**B. Motion to Amend**

The plaintiffs have requested to amend their complaint to add allegations of "irregular activities" in the 2022 election and Bo Stallman, Brazoria County Sheriff, as a defendant. Dkts. 19; 19-1 at 8–10. These amendments are more accurately characterized as supplemental pleadings because they set out events that occurred after the date of the pleading. Fed. R. Civ. P. 15(d). Regardless, even if the court allowed the supplemental complaint, that allowance would be futile. The supplemental complaint fails for the same reasons as the original complaint. The "irregular activities" include allegations that (1) a vehicle transporting ballots and equipment went to the Lake Jackson mall parking lot rather than the main election center and (2) ballot delivery cameras were offline. Dkt. 19-1 at 9. Reading the complaint favorably to the plaintiffs, the supplemental complaint claims constitutional violations, election-integrity erosion, and vote dilution; Dkt. 19-1 at 3, 10; but, as discussed above, those alleged injuries are too generalized and speculative.

Moreover, the plaintiffs previously tried to bring this claim in state court and failed on standing grounds. Dkt. 11 at 1–3. Their first attempt to bring their claims in this court, Dkt. 1, was also unsuccessful. These prior attempts support the court's determination that allowing the amendment

would be futile and that, accordingly, more attempts to plead would not resolve the standing issue. The court denies the plaintiffs' motion to amend. Dkt. 19.

*   *   *

The defendants' motion to dismiss is granted. Dkt. 11. The plaintiffs' motion to amend is denied. Dkt. 19.

Signed on Galveston Island this 2nd day of May, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE